Per Curiam,
The court below did well to non-suit the plaintiff in this case. If municipalities are to pay for every injury that happens to persons slipping on trivial ridges of ice or snow that occur on their streets or roads during the winter-time, their usefulness will be seriously impaired and their citizens burdened with an unendurable amount of tax. The borough was in no default, and, even if the alleged ridge of ice was dangerous, the action should have been brought against the owner of the awning by which it was caused, and not against the borough.
The judgment is affirmed.
Note. — In Burns v. Bradford City, 137 Pa. 361, the plaintiff slipped and fell on a plank sidewalk. The walk was four feet wide and the plaintiff testified, but without corroboration, that one side of the walk had been raised one foot by the action of the frost. Another witness, however, (the admission of whose evidence was assigned for error, not noted in the official reports, but in 27 W. N. C. 201) testified that she had fallen, two or three weeks previous to this accident, at what she thought was the same place which was then in exactly the same condition as the walk described by the plaintiff. It was held that the evidence was insufficient to charge the city with notice of any defect in the sidewalk, the court saying, in an opinion, by McCollum, J.: “A municipal corporation is not an insurer against all defects in its highways, but it is answerable for negligence in the performance of its duties in the construction and care of them. For a defect arising in them without its fault or neglect, it is not liable, unless it has express notice, or the defect be so notorious as to be evident to all passers. If a defect be such that it is discovered by only one of a thousand or more persons who pass it in the ordinary pursuit of business or pleasure, can it be said to be notorious, or such a defect as the municipality is bound to take notice of? We think not.”